IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TED SMITH,

    Petitioner,

v.                                                        CASE NO. 1:11-cv-265-MP-GRJ

STATE OF FLORIDA, and
PAM BONDI, FLORIDA
ATTORNEY GENERAL

    Respondents.

_____/

## O R D E R

    This matter is before the Court on Doc. 1, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently in civil commitment at the North Florida Evaluation and Treatment Center ("NFETC") in Gainesville, Florida and seeks his release from custody at the NFETC. According to the Petition, Petitioner was charged with attempted murder and several other crimes in state court in Gadsden County, Florida but was found not guilty by reason of insanity. He states his treatment team at the NFETC has recently submitted an evaluation report to the state court recommending he be released, but that the state court has ordered his continued commitment despite the recommendations of his treatment team to the contrary. Petitioner states he has filed a writ of mandamus with the Florida Supreme Court and a writ of certiorari with the First District Court of Appeals in an attempt to secure his release through the state courts, but to no avail. In his Petition, he states he is being held in custody in violation of the Constitution and seeks his immediate release from

civil commitment.

Petitioner should have filed his application for a writ of habeas corpus under 28 U.S.C. § 2254, not 28 U.S.C. § 2241.  28 U.S.C. § 2254 permits "a person in custody pursuant to the judgment of a State Court" to file an application for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Section 2254 applies to prisoners in state custody pursuant to a state court judgment of criminal conviction as well as to persons in state custody as a result of a state court order of civil commitment or civil contempt.  Duncan v. Walker, 533 U.S. 167, 176 (2001)(noting 2254 "may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt"); Francois v. Henderson, 850 F.2d 231 (5th Cir. 1988)(entertaining a challenge brought in a section 2254 petition to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity).  In this case, Petitioner is being held in custody at the NFETC pursuant to an order of a Florida state court.  Accordingly, the proper remedy for Petitioner is to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court will instruct the Clerk to send Petitioner blank copies of the Court's § 2254 form and instruct Petitioner to file an amended petition on the Court's section 2254 form.  Petitioner shall file an amended petition for writ of habeas corpus on the forms provided to him by the Clerk.  In completing the § 2254 form, Petitioner is reminded that the petition must specify all the grounds for relief available to him; state the facts supporting each ground; state the relief requested; be printed, typewritten, or

legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242. § 2254 Rule 2(c)(1)-(5); *see also* N.D. Fla. Loc. R. 5.1(J)(3) (petition should not make reference to memorandum but must set forth claims and facts on form). The amended petition must be filed in its entirety, incorporating all amendments, as matters not set forth in the amended petition are deemed abandoned. Loc. R. 15.1. Petitioner should also make sure to name as Respondent(s) the specific individual(s) who have him in custody. § 2254 Rule 2(a)("[T]he petition must name as respondent the state officer who has custody.").

Accordingly, it is hereby **ORDERED** that:

(1) The Clerk shall forward to Petitioner four blank § 2254 forms.

(2) No later than **January 13, 2012**, Petitioner shall file an "Amended Petition" as explained in this order, along with two identical copies including any exhibits or attachments. He shall also keep an identical copy of the Amended Petition for his records.

(3) **Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.**

**DONE AND ORDERED** this 16th day of December, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case No: 1:11-cv-265-MP-GRJ