IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TED SMITH,

    Petitioner,

v.                                                    CASE NO. 1:11-cv-265-MP-GRJ

WILLIAM BAXTER,
and FRANK SHEFFIELD,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 4, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently involuntarily civilly committed at North Florida Evaluation and Treatment Center ("NFETC") in Gainesville, Florida. Respondent has filed a Response, Doc. 19, with relevant portions of the state court record. Petitioner filed two Replies, Docs. 21 and 23, both of which the Court has considered. Upon due consideration of the Petition, the Response, the Replies, and the state-court record, the undersigned recommends that the Petition be denied.[1]

### State-Court Proceedings

Petitioner was charged with attempted murder, burglary of a dwelling with a person assaulted, and violating a domestic violence injunction in Gadsden County. Doc. 19-1 at 56-26. After a jury trial, he was found not guilty by reason of insanity as to all charges. Doc. 19-1 at 27-29. At the disposition hearing on December 10, 2010, the

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

state court found that Petitioner posed a risk to others, and so Petitioner was committed to the Department of Children and Families for involuntary psychiatric treatment. Doc. 19-1 at 32-48; 51-53. Petitioner appealed, and the First District Court of Appeal (DCA) *per curiam* affirmed on December 19, 2011. Doc. 19-1 at 55.

While Petitioner's appeal was pending, a hearing on continued commitment, which had been set during the original disposition hearing, took place on July 14, 2011. Doctors McClaren and Williams testified at the hearing, and the court ruled that Petitioner remain in the custody of the Department of Children and Families in an inpatient setting, at a facility of their determination. The court recommended that Petitioner be placed outside of Gadsden county, where the victims and witnesses in the case were located. Doc. 19-2 at 52-91, Doc. 19-3 at 1-2.

Also while his direct appeal was pending, Petitioner filed a petition for writ of certiorari on July 19, 2011, in the First DCA, seeking release from his involuntary commitment. Doc. 19-1 at 57-77. His petition was denied on December 8, 2011. Doc. 19-2 at 45. Mandate issued January 4, 2012. Doc. 19-2 at 46.

Petitioner also filed a petition for writ of mandamus in the Florida Supreme Court, which was denied without prejudice on November 28, 2011. Doc. 19-2 at 48.

Petitioner filed his original Petition pursuant to § 2241 on December 14, 2011, and his amended Petition, pursuant to § 2254 on December 23, 2011. Docs. 1, 4. Respondent does not contest the timeliness of the Petition. Doc. 19 at 5.

## Section 2254 Standard of Review

28 U.S.C. § 2254 permits "a person in custody pursuant to the judgment of a

State Court" to file an application for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254 applies to prisoners in state custody pursuant to a state court judgment of criminal conviction as well as to persons in state custody as a result of a state court order of civil commitment or civil contempt, such as Petitioner. *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting 2254 "may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt"); *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988) (entertaining a challenge brought in a section 2254 petition to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant an application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* ___ U.S. ___, 2013 WL 5904117, *4 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); see Burt, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." Id.

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" Id. (quoting Harrington, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." Id. (quoting Harrington, 131 S.Ct. at 786).

## Discussion

**Ground 1: Admissibility of Reports and Sufficiency of Evidence**

In his first ground, Petitioner contends that one of his psychological evaluation reports recommended that he be placed on "community release." Petitioner also

argues that the other two psychological reports exceeded the "30-days requirement," and therefore were inadmissible at his continuing commitment hearing. Construing the Petition liberally, the Court construes this as two related claims. that the two reports were inadmissible; and without them, that the evidence was insufficient to justify continued commitment.

At Petitioner's continuing commitment hearing, three reports were submitted: the reports of Dr. Gomez, Dr. Williams, and Dr. McClaren. The court also heard testimony from Drs. Williams and McClaren at the hearing. Doc. 19-1 at 80. Dr. Gomez's report recommended "conditional release" as soon as an appropriate placement could be found. Doc. 19-2 at 5-10. Dr. McClaren and Dr. Williams recommended placement in a less restrictive in-patient facility, such as a civil, rather than a forensic facility. Doc. 19-2 at 1-4, Doc. 19-2 at 11-13.

Respondent argues that Petitioner's sub-claim that the reports were inadmissible is unexhausted because Petitioner did not present the claim in his certiorari action before the First DCA. However, even if the claim had been exhausted, it is due to be denied for several reasons. Respondent points out that the "favorable" report – prepared by Dr. Gomez, is actually the oldest of the three reports in question. Therefore, if a thirty-day rule existed, and it barred the McClaren and Williams reports, it would also bar the Gomez report.

Nevertheless, Petitioner has raised a claim that is not cognizable on federal habeas review, because the claim involves a state court's interpretation and application of some unidentified Florida law, and not federal law. *Branan v. Booth,* 861 F. 2d 1507,

1508 (11th Cir. 1988). It is not the province of a federal habeas court to re-examine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991.) Accordingly, Petitioner is entitled to no relief on this claim.

To the extent that Petitioner contends the admission of these two reports violated his federal constitutional rights, this claim also fails. A state trial court's evidentiary rulings do not provide a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial. *See Sims*, 155 F.3d at 1312; *Osborne v. Wainwright*, 720 F.2d 1237, 1239 (11th Cir. 1983) (habeas court will determine claim of fundamental unfairness as federal constitutional issue and not as state evidentiary issue). "The introduction of graphic photographic evidence rarely renders a proceeding fundamentally unfair." *Jacobs v. Singletary,* 952 F.2d 1282, 1296 (11th Cir. 1992). Petitioner has not argued that the admission of Drs. McClaren and Williams' reports rendered his continuing commitment hearing fundamentally unfair, and it is hard to imagine that they could. Accordingly, Petitioner is entitled to no relief on this claim.

As to Petitioner's second sub-claim, regarding the sufficiency of the evidence, when reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the state and determine whether any rational trier of fact could have found proof beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Freeze v. Secretary, Department of Children and Families*, 2011 WL 3156714 (M.D. Fla. 2011) (applying *Jackson* to a habeas claim by a civilly committed sexual predator).

*Case No: 1:11-cv-265-MP-GRJ*

As discussed above, the trial court received reports by Dr. Gomez, Dr. Williams, and Dr. McClaren. The court also heard testimony from Drs. Williams and McClaren at the hearing, in addition to argument by the state and defense counsel. The reports, and testimony, of Drs. Williams and McClaren supported the trial court's conclusion to continue to commit Petitioner to a facility within the Department of Children and Families, to be determined at their discretion, because Petitioner still met the conditions of commitment. Even the report that Petitioner contends is favorable to him recommended "conditional release" as soon as an appropriate placement could be found, and was the oldest report of the three, and the only one where the preparer did not testify.

The two reports, and the live testimony of Drs. Williams and McClaren, is sufficient to support a finding that, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found proof that Petitioner continued to meet the criteria for involuntary commitment. In light of the facts before the state court, and the clearly established federal law that governs this claim, Petitioner is entitled to no relief.

**Ground 2: Sufficiency of the Evidence as to Medication**

In his second ground, Petitioner argues that the evidence is insufficient for the trial court to conclude that he has refused to take medication–one of the justifications it used in determining that Petitioner still met the criteria for commitment. In support of his argument, Petitioner contends that he did not need, and was not prescribed psychiatric mediation, and refers to Dr. Gomez's report.

As discussed above, when reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the state and determine whether any rational trier of fact could have found proof beyond a reasonable doubt. *Jackson*, 443 U.S. 307, 319.

While Dr. Gomez's report does include the statement that over the course of time, "it has become clear that Mr. Smith did not need psychotropic medication," the reports and testimony of Drs. Williams and McClaren reached the opposite conclusion, and supported the trial court's conclusion that Petitioner refused to take recommended psychiatric medication, which hindered his treatment. Dr. McClaren testified that Petitioner's refusal to take recommended medication showed his lack of cooperation with the recommended treatment regimen, and displayed a lack of insight about his psychological problems. Doc. 19-2 at 61; 64. Dr. Williams testified that he was aware of Dr. Gomez's opinion that Petitioner did not need psychotropic medication, but that he disagreed with that opinion. Doc. 19-2 at 76. The reports of Drs. Williams and McClaren are more recent than the one prepared by Dr. Gomez, and were supported by their in-court testimony.

In light of the facts before the state court, and the clearly established federal law that governs this claim, a rational trier of fact could have found that Petitioner continued to meet the criteria for involuntary commitment based upon the fact that Petitioner had refused to take recommended pyschotropic medication. Accordingly, Petitioner is entitled to no relief on this claim.

**Ground 3: Sufficiency of the Evidence**

In his third ground, Petitioner contends that he is "no longer manifestly dangerous and thereby no longer meets the commitment criteria." Doc. 4 at 6. The Court construes this claim as contesting the overall sufficiency of the evidence before the trial court that found Petitioner still met the criteria for involuntary commitment.

As discussed above, when reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the state and determine whether any rational trier of fact could have found proof beyond a reasonable doubt. *Jackson*, 443 U.S. 307, 319.

The Court has already discussed the three reports and the testimony presented to the trial court, which the trial court used in determining that Petitioner continued to meet the criteria for commitment. The evidence before the trial court–namely, the reports and in-court testimony of Drs. McClaren and Williams–is sufficient to support to support a finding by a rational trier of fact that Petitioner continued to meet the criteria for involuntary commitment. In light of the facts before the state court, and the clearly established federal law that governs this claim, Petitioner is entitled to no relief.

**Ground 4: Due Process Violation**

In his final ground, Petitioner states that his due process rights were violated because he was not allowed to speak at the continuing commitment hearing. Respondent argues that this claim is unexhausted because Petitioner did not present it in his certiorari petition to the First DCA. However, in his Replies, Petitioner has pointed to his "supplemental appendix," filed in the First DCA, as evidence that he did

raise this issue.  *See* Doc. 4 at 27, 38.

On the merits of the claim, Respondent says that the transcript of the hearing discloses that Petitioner was present at the hearing, and that there is nothing in the transcript which suggests that Petitioner was prohibited from testifying.

The Court need not decide whether Petitioner has exhausted this claim by referring to it in his "supplemental appendix" because the claim has no merit. The transcript of the hearing discloses that after the state concluded the presentation of witnesses, Petitioner's attorney was asked whether the defense wished to call any witnesses.  After consulting with Petitioner off the record, defense counsel stated that he was not going to call any witnesses, and only present argument.  As such, there is no support in the record for Petitioner's bare allegation that he was prohibited from speaking.  Indeed, Petitioner was given the opportunity to call additional witnesses, which he declined after consultation with his counsel.  Petitioner's counsel also presented argument on Petitioner's behalf, urging the court to consider a less-restrictive civil setting.  In his Replies, Petitioner states that he was urged not to speak because outbursts would constitute contempt of court.  This was clearly advice from his counsel, and was not a prohibition on testifying at the hearing.  In short, there is no record support for Petitioner's argument that his due process rights were violated because he was prohibited from speaking at the hearing.  Accordingly, this claim must be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus, Doc. 4, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 6th day of February, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge